UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Matthew Fairbanks, Michael McCauley, Jason Damman, James Bigham, John Quarnstrom, and Andrew Graham as Trustees of the Sheet Metal Local #10 Control Board Trust Fund, and the Sheet Metal Local #10 Control Board Trust Fund,

    Plaintiffs,

vs.

Mike's Custom Mechanical, Inc.,

    Defendant.

_____

Civil File No. _____

**COMPLAINT**

Plaintiffs, as their Complaint against the Defendant, state and allege as follows:

## IDENTITY OF PARTIES, JURISDICTION, VENUE

1. The Plaintiffs are Matthew Fairbanks, Michael McCauley, Jason Damman, James Bigham, John Quarnstrom, and Andrew Graham, as Trustees of the Sheet Metal Local #10 Control Board Trust Fund and the Sheet Metal Local #10 Control Board Trust Fund ("Control Board").

2. As set forth in its Trust document, the Control Board is a clearinghouse which provides various services to employee benefit plans and is designated by various labor agreements as the entity to, amongst other things, accept and distribute contributions to the employee benefit plans specified in the labor agreements. The Control Board Trustees are fiduciaries of the employee benefit plans specified in the labor agreements.

1

3.     The employee benefit plans on whose behalf the Control Board seeks contributions, and which the Control Board forms a part, are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The employee benefit plans are administered in accordance with the provisions of the ERISA, as amended 29 U.S.C. § 1001, et seq. and are exempt from federal income taxation pursuant to Internal Revenue Code.

4.     Defendant Mike's Custom Mechanical, Inc. ("Mike's Custom Mechanical") is a Minnesota business corporation with the registered address of 12710 Cedarwood Court, Dayton, Minnesota, 55327.  Mike's Custom Mechanical is an employer within the meaning of ERISA § (3)(5), 29 U.S.C. § 1002(5).

5.     This is an action by fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

6.     The Control Board is located in Ramsey County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

7. The Control Board re-alleges and incorporates by reference paragraphs 1-6 herein.

8. Since at least November 13, 2018, Mike's Custom Mechanical has been bound to the terms of a collective bargaining agreement negotiated between the Commercial Division of SMARCA and Sheet Metal Workers Local #10 with a term of May 1, 2017 through April 30, 2020 ("CBA").

9. The CBA requires Mike's Custom Mechanical to submit contributions to pension and retirement, health and welfare, vacation, industry and training funds in the amount per hour specified in the CBA for each hour worked by its employees covered by the CBA.

10. The CBA incorporates by reference the Agreements and Declarations of Trust ("Trust Agreements") for the benefit funds to which Mike's Custom Mechanical is required to submit contributions to.

11. The CBA requires Mike's Custom Mechanical to set forth the amount due and owing for contributions on a report form to be submitted to the Control Board with Mike's Custom 's monthly payment.

12. 29 U.S.C. § 1059 requires employers such as Mike's Custom Mechanical to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

13. If Mike's Custom Mechanical fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Mike's Custom Mechanical is liable for all of the hours worked by that individual for whom Mike's Custom Mechanical is unable to produce satisfactory records verifying the type of work being performed by that individual.

14. The CBA and the Trust Agreements require Mike's Custom Mechanical to submit the reports and payments to the Control Board by specific dates and provide that any employer whose report and contributions are not received by the Control Board by the specified due date is delinquent.

15. The CBA and the Trust Agreements state that delinquent employers are subject to a liquidated damages assessment equal to ten percent of the contributions due and owing for the month. However, if the delinquent contributions, together with the liquidated damages assessment, are not received by the Control Board on or before the tenth day of the next month, the liquidated damages assessment increases to twenty percent.

16. The CBA and Trust Agreements state that a delinquent employer must pay interest charges on delinquent contributions computed at the rate prescribed by § 6621 if the Internal Revenue Code.

17. The CBA and Trust Agreements state that any attorneys' fees incurred in the collection of contributions shall be payable by the delinquent employer.

## COUNT I
## Breach of Contract /Failure to Remit Contributions-Report Amount Due Under ERISA and the LMRA

18. The Control Board re-alleges and incorporates by reference paragraphs 1-17 herein.

19. Mike's Custom Mechanical breached the terms of the CBA and Trust Agreements by failing to submit the contributions due and owing for the month of May 2019.

20. Pursuant to the remittance report submitted by Mike's Custom Mechanical for the month of May 2019, $12,199.51 is due and owing for contributions.

21. Upon information and belief, for periods after May 31, 2019, Mike's Custom Mechanical continued to employ individuals performing CBA-covered work.

22. Mike's Custom Mechanical is liable to the Control Board for the CBA-obligated fringe benefit amounts for all hours worked by its employees for whom Mike's Custom Mechanical is unable to produce satisfactory records verifying the type of work performed by any such individuals.

23. Every month, until this matter is resolved either through dismissal or judgment, Mike's Custom Mechanical will be obligated to remit fringe fund report forms as described above as required by the CBA and will be required to remit payment for the fringe benefit contributions due pursuant to the hours disclosed.

24. If Mike's Custom Mechanical fails to remit contribution report forms on the due dates during the pendency of this litigation, the Control Board will not have an adequate means of verifying the proper amounts due and owing to the Control Board, nor will the Control Board have adequate means of ascertaining the proper allocation of

such contributions to Mike's Custom Mechanical's employees.

25. In the absence of this Court's order as requested, the Control Board is without adequate remedy at law and will be subject to irreparable harm.

26. Mike's Custom Mechanical should be enjoined from further refusal and failure to remit reports and contributions.

27. Pursuant to the CBA and Trust Agreements, Mike's Custom Mechanical is liable to the Control Board for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements incurred by the Control Board in enforcing their rights and collecting the amounts due.

28. Pursuant to the CBA and Trust Agreements, Mike's Custom Mechanical is liable to the Control Board for interest on the unpaid contributions and liquidated damages on the May 2019 contributions and any other month that becomes due and owing during the pendency of this litigation.

## COUNT II
## ERISA Damages

29. The Control Board re-alleges and incorporates by reference paragraphs 1-28 herein.

30. The Control Board is entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

31. The Control Board is entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

32. The Control Board is entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment of this Court against the Defendant Mike's Custom Mechanical, Inc. as follows:

1. For judgment in the amount of $12,199.51 for the contributions due and owing for the month of May 2019.

2. For an order requiring the Defendant to submit to Plaintiffs all remittance reports which become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its employees.

3. For judgment for amounts to be proven at trial for delinquent contributions shown to be owing pursuant to those calculations, plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

4. For an award of costs, disbursements and attorney fees according to law.

5. Such other and future relief as the Court deems just, equitable or proper.

Date: July 1, 2019            MCGRANN SHEA CARNIVAL
                                     STRAUGHN & LAMB, CHARTERED

                                     By  s/ Amy L. Court
                                           Carl S. Wosmek #300731
                                           Amy L. Court #319004
                                           Christy E. Lawrie # 388832
                                     800 Nicollet Mall, Suite 2600
                                     Minneapolis, MN 55402
                                     Telephone: (612) 338-2525
                                     csw@mcgrannshea.com
                                     alc@mcgrannshea.com
                                     cel@mcgrannshea.com

                                     *Attorney for Plaintiffs*

1146696.DOCX